[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15794
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00269-SDM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRISTIE FAY BOTTORFF,
a.k.a. Cristie Fay Sehorne,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 25, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Cristie Fay Bottorff appeals her total life sentence for her involvement in a murder-for-hire plot.  She was indicted and, without a plea agreement, pleaded guilty to using a facility of interstate commerce in the commission of a murder for hire, in violation of 18 U.S.C. §§ 1958(a) and 2; conspiring to use a facility of interstate commerce in the commission of a murder for hire, also in violation of §§ 1958(a) and 2; and aiding or abetting carrying or using a gun, resulting in death, in violation of  §§ 924(c), (c)(1)(A)(iii), (j)(1), and 2.  Specifically, Ms. Botorff admitted that she and her now-husband Jerry Botorff, conspired with Michael Garcia and Luis Lopez to have Lopez kill her then-husband Thomas Lee Sehorne so that Ms. Botorff could collect insurance proceeds.  Lopez shot and killed Sehorne on June 7, 2007, and Ms. Bottorff collected $1 million.

Ms. Bottorff argues that the district court erred procedurally by considering the 18 U.S.C. § 3553(a) sentencing factors in refusing to depart downward pursuant to the government's substantial assistance motion.  Ms. Bottorff further argues that her sentence is substantively unreasonable.  Although the parties read the record differently, our reading indicates that the district court actually granted the government's substantial assistance motion pursuant to United States

Sentencing Guidelines (USSG) § 5K1.1, departed downward, then imposed an upward variance.[1]

We review the reasonableness of a sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). A defendant challenging her sentence bears the burden of establishing that it is unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Where a defendant raises a sentencing issue for the first time on appeal, plain error review applies. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). "Plain error requires the defendant to show: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Hoffman, 710 F.3d 1228, 1232 (11th Cir. 2013) (quotation marks omitted).

In reviewing the reasonableness of a sentence, we use a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we ensure that the sentence is procedurally reasonable, meaning that the district court properly calculated the guideline range, treated the guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. Gall, 552 U.S. at 51, 128 S. Ct. at 597.

---

[1] The "Statement of Reasons" explains: "The court granted the government's motion under USSG § 5K1.1. However, on the court's motion, the court varied upward from the advisory guideline sentence after addressing the factors set forth under 18 U.S.C. § 3553(a). A sentence of life is reasonable [sic] necessary to achieve the statutory purposes of sentencing."

Second, if we determine that a sentence is procedurally sound, we then examine whether the sentence is substantively reasonable in light of the totality of the circumstances. Id.

We review the totality of the facts and circumstances to gauge for substantive error. United States v. Irey, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc). A sentencing court may impose a sentence more severe than the guideline range so long as that sentence is reasonable. United States v. Crawford. 407 F.3d 1174, 1179 (11th Cir. 2005). We may vacate a sentence only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (quotation marks omitted).

Although statutory mandatory minimums are generally preclusive, the Guidelines allow district courts to impose lower sentences based on certain factors. United States v. Carillo-Ayala, 713 F.3d 82, 88 (11th Cir. 2013). Under USSG § 5K1.1, the government may file a motion informing the court that the defendant provided substantial assistance in the investigation or prosecution of another individual. USSG § 5K1.1. If the government files such a motion, the court may impose a downward departure under the Sentencing Guidelines, and the resulting sentence may fall below the mandatory minimum penalty. Id.

4

Ms. Bottorff's sentence was procedurally and substantively reasonable and the district court committed no error, plain or otherwise. First, the district court correctly calculated her original Guideline range and noted the impact of the mandatory minimum of life imprisonment in 18 U.S.C. § 1958.[2] In granting the government's substantial assistance motion, the court considered the parties' arguments then calculated a new lower Guideline range, it simply chose to impose an upward variance based on § 3553(a) factors. Thus, the sentence was procedurally reasonable. See Gall, 552 U.S. at 51, 128 S. Ct. at 597.

Second, the court indicated that it had considered the parties' arguments, the Guidelines, the presentence investigation report (PSI), and the § 3553(a) factors, including the nature of the offenses and the need for deterrence, before imposing a sentence which it considered sufficient but no harsher than necessary. The court noted, among other things, that the murder-for-hire scheme was a cold-blooded operation that would be unthinkable to a normal person, and Sehorne was shot outside his home and left in a pool of blood for hours before his child saw his body.

Third, the district court's statement of reasons adequately explained its reasons for imposing an upward variance:

---

[2] Indeed, neither party objected to the factual content or guidelines calculation in the presentence report or the district court's ultimate sentence.

5

[A]ssessed under Section 3553(a), the attributes of the offense and these offenders—the startling coldness and moral detachment of the Bottorffs as they contemplated and executed this atrocity over many weeks and afterward until apprehension, the necessity for an unalloyed message to those would contemplate a similar offense, the necessity to protect the community from this species of criminal adventure, and the other reasons stated at the sentencing—strongly commend the announced sentence, even after careful consideration and re-consideration of the sundry matters to which the defense directs by attention.

Finally, Ms. Bottorff's life sentence was, in fact, the applicable statutory mandatory minimum penalty for the offenses of conviction. Under these circumstances, Ms. Bottorff cannot meet her burden of establishing that the sentence was substantively unreasonable. See Pugh, 515 F.3d at 1191; Talley, 431 F.3d at 788.

Upon review of the record and consideration of the parties' briefs, the sentence is

**AFFIRMED.**