[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12094
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00124-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE COLLON WEST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 27, 2009)

Before EDMONDSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Willie Collon West appeals his conviction and sentence of 168 months of

imprisonment for conspiracy to possess with intent to distribute at least 5 grams of cocaine base. 21 U.S.C. § 846. West challenges the validity of his guilty plea and the constitutionality and reasonableness of his sentence. We affirm.

West entered an agreement with the government to plead guilty to conspiracy to distribute cocaine base in exchange for the dismissal of a second drug charge. The plea agreement provided that West waived his right to appeal his sentence, subject to three exceptions: the sentence exceeded the "applicable guidelines range as determined by the Court"; the sentence exceeded the maximum statutory penalty; or the sentence violated the Eighth Amendment. The agreement stated as a factual basis that West sold 34.6 grams of cocaine base to a federal agent for $1200.

At a change of plea hearing before a magistrate judge, West verified that he had read and signed the plea agreement and he had read and agreed with all the statements in the factual basis. The magistrate judge explained in detail West's right to appeal his sentence and the consequences of his decision to waive that right, and West verified that he had agreed, subject to the three exceptions, to waive his right to appeal his sentence. West testified that he had sold a federal agent "34 grams" of cocaine base and received $1200 in payment. The district court later accepted West's plea of guilty.

The presence investigation report identified West as a career offender and listed a base offense level of 34. After a three-point reduction for acceptance of responsibility, the report provided a total offense level of 31. With a criminal history of VI, the report provided a sentencing range between 188 and 235 months of imprisonment.

West objected to an enhancement as a career offender, but the district court overruled the objection. The district court found that West's criminal history category overrepresented his criminal record and reduced his category to V, which resulted in a sentencing range between 168 and 210 months of imprisonment under the Sentencing Guidelines. The district court sentenced West at the low end of that range.

West failed to present any of his arguments to the district court, so our review is for plain error. On review for plain error, we may correct only an error that is plain and affects substantial rights. United States v. Gonzalez, 550 F.3d 1319, 1322 (11th Cir. 2008). An error is plain if it is "obvious or clear under current law." United States v. Williams, 469 F.3d 963, 966 (11th Cir. 2006). Because West pleaded guilty, he "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).

West argues that his plea of guilty was invalid because he lacked personal knowledge about one sentence in the factual basis that recounted a single drug transaction by his codefendant, but this argument is absurd. "Before entering judgment . . . [against West], the [district] court [had to] determine that there [was] a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). West confirmed all the facts material to his conviction when he admitted colluding with a codefendant to sell a federal agent 34 grams of cocaine base. See United States v. Johnson, 89 F.3d 778, 784 (11th Cir. 1996). The district court did not plainly err by accepting the factual basis for West's guilty plea.

West next argues that his sentence is unreasonable, but this argument is barred by the appeal waiver in his plea agreement. The magistrate judge explained the waiver to West during the change of plea hearing, and West acknowledged that he had agreed to waive his right to appeal his sentence. See United States v. Bushert, 997 F.2d 1343, 1350–52 (11th Cir. 1993). West fails to explain how the district court plainly erred in finding that West's appeal waiver was knowing and voluntary.

West's appeal waiver does not bar his argument that his sentence violates the Eighth Amendment, but his argument nevertheless fails. West fails to cite any caselaw to support his argument that his sentence of 168 months of imprisonment

4

is grossly disproportionate to his offense.  See United States v. Raad, 406 F.3d 1322, 1323–24 (11th Cir. 2005).  The district court did not plainly err by sentencing West at the low end of the guideline range.

West's conviction and sentence are **AFFIRMED**.