[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12102
Non-Argument Calendar

_____

D.C. Docket No. 2:05-cr-00124-JES-SPC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE COLLON WEST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 18, 2013)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie Collon West appeals his conviction and 168-month sentence for conspiracy to possess with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 846.  After a thorough review of the record, we affirm in part and dismiss in part.

I. Background

In 2006, West pleaded guilty to a § 846 drug conspiracy offense.  His written plea agreement contained a waiver-of-appeal provision barring any direct appeal of or collateral attack on his sentence.  West did not file a direct appeal.  In January 2008, West filed a 28 U.S.C. §2255 motion to vacate his sentence, arguing, *inter alia*, that his counsel was constitutionally defective for failing to file a direct appeal.  The district court granted West's motion in part, vacated the original judgment, and entered an amended judgment, enabling West to file a direct appeal.

In that direct appeal, West argued that (1) his guilty plea was invalid because he lacked personal knowledge about part of the factual basis; (2) he did not understand the sentence-appeal waiver; (3) his 168-month sentence violated the Eighth Amendment; and (4) his sentence was unreasonable.  This court affirmed West's conviction and sentence, noting that West's reasonableness arguments were barred by the appeal waiver.  *United States v. West*, 350 F. App'x. 387, 389 (11th Cir. 2009) (unpublished).

2

West then filed a second § 2255 motion, in which he again argued that his counsel rendered ineffective assistance, this time by failing to advise him that he could have entered a guilty plea in which he was not barred from appealing or collaterally challenging his sentence.  The district court granted West's § 2255 motion in part on the grounds that he was not informed of his option to enter a straight plea without an appeal waiver provision and dismissed his motion on the remaining grounds.  Accordingly, the district court vacated the amended judgment and entered a second amended judgment on May 6, 2013.  This is West's appeal.

II. Issues on appeal

West raises three arguments on appeal:  (1) his entire plea agreement should have been vacated, allowing him to plead anew and challenge the sentence imposed on any ground; (2) the district court improperly classified him as a career offender under U.S.S.G. § 4B1.1 at sentencing; and (3) his 168-month sentence is unreasonable.  We address each in turn.

A. West's §2255 motion

West argues that in granting his second § 2255 motion, the court should have vacated his guilty plea and allowed him to plead anew, rather than limiting the scope of his direct appeal to the reasonableness of his sentence.

We examine our jurisdiction *sua sponte* and review jurisdictional questions *de novo*.  *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).  A

3

defendant's notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). Although ordinarily a defendant must file a notice of appeal within fourteen days of the entry of the judgment appealed, a district court may allow an out-of-time appeal as a remedy in a § 2255 case. *United States v. Phillips*, 225 F.3d 1198, 1199-1200 (11th Cir. 2000); Fed. R. App. P. 4(b)(1)(A)(i). In such a case, the district court is to vacate the criminal judgment the defendant seeks to appeal and reimpose the original sentence. *Phillips*, 225 F.3d at 1200-01.

A defendant may, but is not required to, file all of his collateral challenges in a "§ 2255 motion seeking an out-of-time appeal." *McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002). When a defendant does raise grounds in a § 2255 motion in addition to the request for an out-of-time appeal, the preferred procedure is to dismiss the additional claims without prejudice or to hold the claims in abeyance until the direct appeal is resolved. *Id.*

Here, West did not file a notice of appeal from the partial dismissal of his §2255 motion, as required under the Federal Rules of Appellate Procedure. Moreover, we will not construe West's notice of appeal to include an appeal from the partial dismissal of his § 2255 motion because the notice listed only his criminal case number and specified that it was an appeal from the criminal "judgment and sentence entered in this action on May 6, 2013," without listing the

4

separate civil case number assigned to the §2255 motion or otherwise mentioning

the order dismissing part of his § 2255 motion.  *Cf. United States v. Futch*, 518

F.3d 887, 894 (11th Cir. 2008) (concluding that the defendant's notice of appeal

was sufficient to appeal both his resentencing and his §2255 motion because the

notice of appeal specified "that he was appealing the final order entered in this

matter . . . and all interim orders").  Therefore, to the extent that West is

challenging the validity of his underlying conviction, we dismiss that claim for

lack of jurisdiction.

### B. Career-offender status

West next argues that the district court erred in finding that his prior state

conviction for throwing a "deadly missile" into an occupied vehicle qualified as a

predicate offense under the career-offender provision.  West further asserts that the

district court erred in counting this conviction as a predicate offense because the

state breached the terms of his plea agreement in that case.

We have held that an issue is waived for purposes of a second appeal where

the issue was never raised either in the initial proceedings in the district court or in

the defendant's first appeal.  *See United States v. Fiallo-Jacome*, 874 F.2d 1479,

1481-82 (11th Cir. 2005) (reasoning that a defendant should not get "two bites at

the appellate apple" by raising issues that could have been raised in his first

appeal).

5

Here, West has waived both arguments concerning the use of his prior state conviction to enhance his sentence under § 4B1.1. At sentencing, West challenged the predicate offense, but the district court rejected this argument. West then failed to raise it during his first appeal. West's claim that the state breached the prior plea agreement is also waived because West failed to raise this issue during his initial sentencing or in his first appeal.

### C. Reasonableness

Finally, West asserts that his sentence was unreasonable due to his improper classification as a career offender and the district court's failure to properly consider the § 3553(a) factors at sentencing.

We ordinarily review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). But when a defendant fails to object to a sentencing error before the district court, we review only for plain error. *United States v. Hoffman*, 710 F.3d 1228, 1231-32 (11th Cir. 2013). To establish plain error, a defendant must show that there was "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1232 (internal citation omitted).

The district court is required to impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a), including the need

to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court also must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as improperly calculating the guideline range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51. There is no precise language the sentencing court must use; rather, the judge must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account. *United States v. Alfaro-Moncado*, 607 F.3d 720, 735 (11th Cir. 2010).

Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively unreasonable in light of the totality of the circumstances and the § 3553(a) factors. *Id.* "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (citation omitted).

Here, West has not shown that his sentence was procedurally or substantially unreasonable. First, the only procedural issue properly before us is whether the district court adequately considered the § 3553(a) factors. As discussed above, West has waived any challenge to his classification as a career offender.

West's procedural reasonableness argument has no merit. The record shows that the district court expressly noted that it had considered the § 3553(a) factors, including West's prior crimes, and highlighted that West's criminal history was "nothing to be proud of" and that he apparently had not "learned from [his] conduct." Moreover, the district court did not consider West's criminal history to the exclusion of the other § 3553(a) factors, but rather found that his criminal

8

history outweighed the other factors. *See United States v. Irey*, 612 F.3d 1160, 1261 (11th Cir. 2010) (*en banc*) (noting that the weight given to the § 3553(a) factors is within the district court's sound discretion and this court will not substitute its judgment in weighing those factors). Although West argues that the court failed to adequately credit him for having pleaded guilty rather than proceed to trial, the record clearly demonstrates that West received a three-level reduction to his offense level for timely acceptance of responsibility. In sum, the district court listened to both sides' arguments, considered the evidence, and stated that it had reviewed the statutory factors. Because this was sufficient, West cannot show that the district court committed any procedural error. *See Alfaro-Moncado*, 607 F.3d at 735.

Finally, the sentence, which falls at the low-end of West's advisory guideline range and well below the statutory maximum of 40 years' imprisonment, was substantively reasonable. West has not met his burden to show otherwise. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

**AFFIRMED IN PART; DISMISSED IN PART.**