[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13669
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00492-WJC-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KWAMANE LENARD COLEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 23, 2014)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Kwamane Lenard Coleman appeals the mandatory 15-year sentence he

received pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

§ 924(e), after being convicted for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On appeal, Coleman argues that the District Court's use of his juvenile adjudications as qualifying convictions under the ACCA violated his right to be free from cruel and unusual punishment under the Eighth Amendment.  Relying on two Supreme Court cases, *Graham v. Florida*[1] and *Miller v. Alabama*,[2] which held that condemning juveniles to life imprisonment without the possibility of release was cruel and unusual punishment, Coleman argues that the District Court's reliance on juvenile adjudications to enhance adult sentences mandatorily was unconstitutional because it prevented the court from considering that the conduct occurred when he was a juvenile.

We review *de novo* the legality of a sentence under the Eighth Amendment. *United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012).  In the case of a felon in possession of a firearm, if he has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, the statutory minimum term of imprisonment is 15 years.  18 U.S.C. § 924(e)(1).

The Eighth Amendment prohibits "cruel and unusual punishments."  U.S. Const. amend. VIII.  In evaluating an Eighth Amendment challenge in a non-capital case, we must determine whether the sentence imposed is grossly

---

[1] 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).
[2] 567 U.S. __, 132 S.Ct. 2455,183 L.Ed.2d 407 (2012).

2

disproportionate to the offense committed. *United States v. Johnson,* 451 F.3d 1239, 1242-43 (11th Cir. 2006). If a sentence is within the limits imposed by statute, it is generally not cruel and unusual under the Eighth Amendment. *Id.* at 1243. In addition, a sentence that is not otherwise cruel and unusual does not become so just because it is mandatory. *United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir. 2005).

Generally, youthful offender convictions can qualify as predicate offenses for sentence enhancements under the ACCA. *United States v. Wilks*, 464 F.3d 1240, 1243 (11th Cir. 2006). Further, it does not violate the Eighth Amendment for an adult offender to receive a mandatory life sentence based on prior convictions for offenses committed when the offender was 17 years old. *United States v. Hoffman*, 710 F.3d 1228, 1231-33 (11th Cir. 2013). We explained that "[n]othing in *Miller* suggests that an adult offender who has committed prior crimes as a juvenile should not receive a mandatory life sentence *as an adult*, after committing a further crime as an adult." *Id.* at 1233 (emphasis in original).

Coleman's sentence of 15 years, for a crime he committed at age 22, is not cruel and unusual punishment in violation of the Eighth Amendment. An intervening Supreme Court decision overrules one of our decisions only if it is directly on point. *Wilks*, 464 F.3d at 1243. Contrary to Coleman's arguments, *Graham* and *Miller* do not apply to this case because, in both of those cases, the

3

Court focused on why it would be cruel and unusual for a *juvenile* to face a mandatory *life* sentence. *Graham*, 560 U.S. 48, 130 S.Ct. 2011; *Miller*, 567 U.S. __, 132 S.Ct. 2455. Nothing in either case suggested that an adult offender who committed prior crimes as a juvenile should not receive a mandatory 15-year sentence as an adult. Finally, since it does not violate the Eighth Amendment for an adult offender to receive a mandatory life sentence based on prior convictions for offenses committed when the offender was a juvenile, it follows that a less severe mandatory sentence of 15 years also would not violate the Eighth Amendment. *Hoffman*, 710 F.3d at 1233. The District Court was required to impose the mandatory minimum 15-year sentence under the ACCA. Accordingly, is judgment is

AFFIRMED.