[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12131
Non-Argument Calendar
_____

D.C. Docket No. 7:16-cr-00269-LSC-TMP-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

CALVIN LEE BANKS,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 22, 2018)

Before TJOFLAT, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Calvin Lee Banks appeals his 120-month sentence, imposed above the advisory guideline range, after pleading guilty to one count of being a felon in possession of a firearm.  Briefly stated, he argues that his sentence was procedurally unreasonable because the court failed to consider several of the sentencing factors under 18 U.S.C. § 3553(a) and based its sentencing decision on an erroneous fact.  He further argues that the sentence was substantively unreasonable because the court abused its discretion when weighing the § 3553(a) factors and failed to support the degree of variance.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  When a defendant does not raise a relevant procedural objection at the time of sentencing, we review only for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  A defendant seeking to preserve an objection to his sentence for appeal must "*clearly* articulate a specific objection during sentencing."  *United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003) (emphasis in original).  "A sweeping, general objection is insufficient to preserve specific sentencing issues for review."  *United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015).

2

Under plain-error review, we, at our discretion, may correct an error where (1) an error occurred; (2) the error was plain; and (3) the error affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732-36 (1993). When these factors are met, we may exercise our discretion and correct the error if it "seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." *Id.* at 736 (alteration in original). An error is plain if it is "contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013). For an error to affect substantial rights, it must have affected the outcome of the district court proceedings. *United States v. Henderson*, 409 F.3d 1293, 1308 (11th Cir. 2005).

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error. *Gall*, 552 U.S. at 51. We ensure that the district court treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them: the district court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009)*; see also United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (affirming a sentence as procedurally reasonable where the district

3

court failed entirely to state it considered the § 3553(a) factors because the record made clear that the district court considered the factors).  Context is important.

After reviewing for procedural reasonableness, we consider the substantive reasonableness of a sentence under the abuse-of-discretion standard.  *Gall*, 552 U.S. at 51.  In reviewing a district court's sentence for substantive unreasonableness, we examine the totality of the circumstances to determine whether the statutory factors in § 3553(a) support the sentence in question.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in the light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court's sentence must be "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court should also consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guideline range, pertinent policy statements of the Sentencing Commission, the need to avoid

unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7). The weight given to a specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

We afford due deference to the district court in determining whether the § 3553(a) factors justify a variance and the extent of that variance. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). A district court abuses its discretion in imposing a sentence when it (1) fails to consider relevant factors, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). With regard to the third situation, such a clear error of judgment occurs when a district court unreasonably weighs the § 3553(a) factors and arrives at a sentence that fails to achieve the purposes set out in § 3553(a)(2). *Id.* To determine whether a clear error of judgment has occurred in a particular case, we make the sentencing calculus ourselves and review the steps the district court took in determining the sentence it imposed. *Id.* We have said that we must be "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" before vacating a sentence. *Id.* at 1190.

No presumption exists that a sentence imposed outside the applicable guideline range is unreasonable, and nothing requires that extraordinary circumstances justify a variance. *Gall*, 552 U.S. at 47. The district court is free to consider information relevant to a defendant's background, character, and conduct in imposing an upward variance. *Tome*, 611 F.3d at 1379 (citing 18 U.S.C. § 3661). Where a district court imposes an upward variance based upon the § 3553(a) factors, the court must have a justification compelling enough to support the degree of the variance and provide reasoning complete enough to allow for meaningful appellate review. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).

For Banks's procedural reasonableness argument, he has failed to show plain error because he has identified no binding precedent indicating that a district court must state it considered the § 3553(a) factors overall. In addition, the district court has not been shown to have selected Banks's sentence based on the erroneous fact: that his prior robbery convictions occurred on separate occasions. On Banks's substantive reasonableness arguments, the district court acted to achieve the § 3553(a) purpose of deterring criminal conduct but was not required to discuss this factor at sentencing. *See Dorman,* 488 F.3d at 944. Finally, the district court adequately justified its degree of variance by placing great weight on Banks's criminal history, the nature and circumstances of the offense, and the need to

6

protect the public.  *See Clay*, 483 F.3d at 743.  Accordingly, we affirm Banks's

120-month sentence.

**AFFIRMED.**