[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15154
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00192-SDM-CPT-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AVISYS LEE JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 27, 2019)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Avisys Jackson was a mid-level distributor in a drug-trafficking organization that arranged to ship multi-kilogram amounts of cocaine from Puerto Rico via mail. Jackson would receive the cocaine, redistribute it to low-level distributors, and collect the proceeds. In total, the organization was responsible for distributing more than twenty kilograms of cocaine during the course of the conspiracy. Jackson ultimately pled guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, and the district court sentenced him to 130 months' imprisonment. Jackson now appeals.

## I.

Jackson, along with others, was indicted for conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. He ultimately pled guilty to the charge.

The written plea agreement contained the following sentence-appeal waiver:

[Jackson] *expressly waives the right to appeal [his] sentence on any ground*, including the ground that the Court erred in determining the applicable guidelines range . . . except (a) the ground that the sentence exceeds the defendant's applicable guidelines range . . . (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) *the ground that the sentence violates the Eighth Amendment to the Constitution*

(emphasis added). Jackson initialed the bottom of each page of the agreement and signed it at the end. During the plea colloquy, the magistrate judge advised Jackson that he faced a mandatory minimum sentence of 120 months and a maximum of life

imprisonment.  Jackson verified that he understood the potential sentence.  The magistrate judge further confirmed that Jackson read his plea agreement in its entirety and discussed it with his attorney before signing it.

Turning to the sentence-appeal waiver, the magistrate judge made sure that Jackson understood that he was largely waiving his right to appeal.  Then the magistrate judge went through each exception of the appeal waiver and informed Jackson that the four enumerated events were the only ones where Jackson could appeal his sentence.  Jackson verified that he understood.

At the end of the plea colloquy, Jackson pled guilty.  The magistrate judge issued a report recommending that the court accept Jackson's plea, and the district court accepted this report and Jackson's plea.

The United States Probation Office then prepared a Presentence Investigation Report ("PSR").  Pursuant to U.S.S.G. § 2D1.1(a)(5), the PSR assigned Jackson a base offense level of 32 based on the quantity of drugs involved.  In addition, it recommended a two-point enhancement under U.S.S.G. § 2D1.1(b)(1), since other members of the conspiracy possessed firearms.  Based on Jackson's timely acceptance of responsibility, the PSR subtracted three points, leaving Jackson's total offense level at 31.  With a criminal-history category of VI, the corresponding advisory imprisonment range was 188 to 235 months.

Jackson objected to the base offense level, arguing that he had handled no more than five kilograms of cocaine, and therefore his base offense level should be 30; (2) he should not receive a level enhancement for the possession of firearms by other persons, as he did not have knowledge of their possession nor was their possession reasonably foreseeable; and (3) he should receive a downward adjustment of two levels, as he had only "minor involvement" in the conspiracy. The court overruled Jackson's first and second objections but sustained Jackson's request for a reduction for his minor-role in the conspiracy, *id.* at 14:12–15:16. In addition to the two-level deduction, this minor-role reduction resulted in a two-level deduction from Jackson's base offense level. *Id.* at 18:24–19:5. As a result, Jackson's total offense level was twenty-seven with a criminal-history category of VI. *Id.* Accordingly, Jackson's sentencing range was 130 to 162 months. *Id.*

Jackson also sought a downward variance, based on his troubled childhood and his substance addiction, which he asserted contributed to his commission of the offense conduct. The government opposed this variance and requested 130 months. At no point did Jackson object that his sentence would violate the Eighth Amendment.

At the sentencing hearing, the court sentenced Jackson to 130 months' imprisonment, followed by five years' supervised release. In imposing its sentence, the court explained that it "considered the policies and guidelines of the United

4

States Sentencing Commission . . . the advisory guidelines range . . . [and] the factors at 18 U.S.C. 3553(a)." The court also acknowledged that the defendant had a tough childhood and issues with substance abuse. Nonetheless, the court found that while the substance abuse had greatly contributed to Jackson's difficulties, that was a choice that Jackson made. The court observed that Jackson was twenty-eight and suggested he could still "turn this thing around and overcome everything." The court concluded that "the announced sentence is sufficient, but not greater than necessary, to accomplish the statutory purposes of sentencing and is altogether reasonable." Although the district court gave him an opportunity to object, Jackson did not object to the sentence.

Jackson now makes two contentions on appeal. First, he asserts that his sentence is substantively unreasonable, arguing that it was "grossly disproportionate" to his offense, "too high" compared to "the sentences of the codefendants," and did not take into account his childhood and his reasons for committing the crime. Second, he contends that, for the same reasons, his sentence violates the Eighth Amendment.

The government responds that, to the extent Jackson challenges the substantive reasonableness of his sentence, he waived the right to appeal his sentence when he pled guilty. It acknowledges that Jackson's Eighth Amendment argument

falls into one of the enumerated exceptions in his sentence-appeal waiver.  But it contends that the Jackson has not shown that the district court plainly erred.

We address these issues in turn.

## II.

Jackson's claim that his sentence was substantively unreasonable is barred by his sentence-appeal waiver.  We review the validity of an appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).

A district court must "conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea."  *United States v. Hernandez–Fraire*, 208 F.3d 945, 949 (11th Cir. 2000).  Rule 11 directs specifically that the court inform the defendant of, and make sure the defendant understands, certain matters.  *See* Fed. R. Crim. P. 11(b)(1)(A)–(N).  In pertinent part, the court is obligated to advise the defendant of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."  Fed. R. Crim. P. 11(b)(1)(N).

A sentence appeal waiver will be enforced if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, consistent with Rule 11(b)(1)(N); or (2) the record makes clear that the defendant otherwise understood the full significance of the

waiver.  *Id.*  Unless there is a "manifestly clear indication in the record that the defendant otherwise understood the full significance" of the sentence appeal waiver, the district court errs by not inquiring as to the waiver during the plea colloquy.  *Id.* at 1352.  Therefore, in most circumstances, the district court must have engaged the defendant about the waiver during the plea colloquy for us to enforce the waiver.  *Id.* We have rejected the contention that an examination of the text of the plea agreement itself was sufficient to find that the waiver was knowing and voluntary.  *Id.*

A valid sentence appeal waiver applies to difficult or debatable issues of law and even blatant error.  *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).  A defendant may also waive constitutional issues by executing a valid appeal waiver.  *See United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) (noting a possible exception from appeal waiver, however, for a sentence that is cruel and unusual for some reason other than its length).

Here, Jackson's sentence-appeal waiver is valid.  Jackson does not contend that he did not make a voluntary and knowing waiver of his right to appeal as set forth in the plea agreement.  And the magistrate judge specifically questioned Jackson about the waiver during his plea colloquy, in compliance with Rule 11, and Jackson plainly indicated he understood.  *See Bushert*, 997 F.2d at 1351 (holding that the district court "must have specifically discussed the sentence appeal waiver with the defendant during the Rule 11 hearing" in order for the defendant's waiver

7

to be knowing and voluntary); *see also* Fed. R. Crim. P. 11(b)(1)(N).  In short, Jackson made a knowing and voluntary waiver of his right to appeal.

Jackson's claim that his sentence was substantively unreasonable falls outside the exceptions enumerated in his sentence-appeal waiver.  So he has waived his right to appeal with respect to that issue.  We therefore dismiss his appeal in this respect.

## III.

Turning to Jackson's Eighth Amendment claim, as a threshold matter, the government concedes that this challenge falls within an exception to Jackson's appeal waiver.  Nonetheless, Jackson's claim is without merit.

While the legality of a sentence under the Eighth Amendment is generally reviewed *de novo*, when a defendant fails to object on such grounds at the district court level, we review for plain error.  *United States v. Mozie*, 752 F.3d 1271, 1290 (11th Cir. 2014).  Plain error requires a challenger to show (1) error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).  "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *Id.* (internal quotation marks omitted) (quoting *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009)).

8

The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. In cases in which a term-of-years sentence, as opposed to a death sentence, is being challenged, the Eighth Amendment contains a "narrow proportionality principle" that does not require strict proportionality between the crime and sentence but instead forbids "extreme sentences that are grossly disproportionate to the crime." *Mozie*, 752 F.3d at 1290 (quoting *United States v. Farley*, 607 F.3d 1294, 1341 (11th Cir. 2010)). Outside of the capital-punishment context, successful challenges to the proportionality of particular sentences are exceedingly rare. *Id.* We give substantial deference to Congress in determining the types and limits of punishments for certain crimes. *Id.* Generally, sentences within the statutory limits are neither excessive, nor cruel and unusual under the Eighth Amendment. *United States v. Bowers*, 811 F.3d 412, 432 (11th Cir. 2016).

We have also held that the mandatory nature of a noncapital penalty is irrelevant for proportionality purposes. *Id.* Since gross disproportionality is reserved for extraordinary situations, we have repeatedly rejected gross-disproportionality claims. *See, e.g.*, *Farley*, 607 F.3d at 1343–46 (thirty-year mandatory minimum for crossing state lines with intent to sexually violate a minor); *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (140-year sentence for production of child pornography); *United States v. Reynolds*, 215 F.3d 1210,

9

1214 (11th Cir. 2000) (fifteen-year mandatory minimum for possession of a firearm by a three-time felon); *United States v. Brant*, 62 F.3d 367, 368 (11th Cir. 1995) (15.66 years under career offender guidelines for manufacturing 100 marijuana plants).

As we have noted, Jackson failed to object on Eighth Amendment grounds in the district court. Therefore, our review of this claim is for plain error.

We find no error, plain or otherwise. First, Jackson, a 28-year-old man, was sentenced to 130 months' imprisonment, well below the statutory maximum term of life. Second, nothing about his particular case suggests that Jackson's sentence was grossly disproportionate to the crime he committed. In fact, the comparable sentences of his codefendants[1] show just the contrary: that his sentence was not extreme, rare, or extraordinary. *See Bowers*, 811 F.3d at 432; *Mozie*, 752 F.3d at 1290; *Farley*, 607 F.3d at 1343. And third, Jackson identifies no binding precedent where either the Supreme Court or we have ever held that a sentence of the type imposed here violates the Eighth Amendment, so even if Jackson could establish error—which he cannot for the reasons we have explained—he cannot make the showing that any error was plain.

---

[1] As we have mentioned, the indictment also charged eleven others. Regarding the codefendants that were eventually convicted under the same count as Jackson, one was sentenced to 51 months' imprisonment, one to 97 months' imprisonment, three to 120 months' imprisonment, two to 135 months' imprisonment, one to 151 months' imprisonment, and one to 160 months' imprisonment.

10

Finally, Jackson's assertion that the district court did not consider his personal history or motives for the crime also cannot demonstrate plain error. In fact, as we have noted, the district court did consider these factors when it imposed the 130-month sentence. But even if it had not, Jackson's claim necessarily fails because he cites no binding precedent holding that the Eighth Amendment requires a district court to impose a lower sentence based on a defendant's difficult childhood or drug addiction. Thus, we affirm his sentence in this respect.

**DISMISSED IN PART, AFFIRMED IN PART.**