[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11529

_____

D.C. Docket No. 8:11-cr-00373-JSM-AEP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRIN JOSEPH HOFFMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 26, 2013)

Before CARNES, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Darrin Joseph Hoffman appeals his mandatory life sentence imposed,

pursuant to 21 U.S.C. § 841(b)(1)(A)(viii), after Hoffman was convicted for

methamphetamine trafficking and possession.  After review, we affirm.

## I.  BACKGROUND

### A.    Indictment, Notice of Enhanced Penalties, and Trial

On July 19, 2011, Hoffman and two co-defendants were indicted in connection with a methamphetamine trafficking conspiracy.  Hoffman was charged with: (1) conspiring to distribute and possess with intent to distribute 50 or more grams of methamphetamine and 500 or more grams of methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1); (2) two counts of possession with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts 7 and 8); and (3) possession with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 10).[1]  Hoffman pled not guilty.

Before trial, the government filed a notice, pursuant to 21 U.S.C. § 851, that it intended to seek enhanced punishment based on Hoffman's prior drug convictions.  The government's notice stated that Hoffman had been convicted in Florida state court of: (1) conspiracy to traffic in cocaine; and (2) possession of

---

[1]On June 17 and 22, 2011, Hoffman sold to a confidential informant 1.7 grams and 1.8 grams, respectively, of methamphetamine.  Law enforcement officers searched Hoffman's home and discovered 46.3 grams of methamphetamine and other drug paraphernalia. After receiving warnings pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), Hoffman admitted that, for the past year, he had been buying 1–2 ounces of methamphetamine per week for re-sale from one of his co-defendants.

cocaine and delivery of cocaine.  The notice indicated that these convictions were "prior convictions for a felony drug offense" under 21 U.S.C. § 841(b)(1)(A), which provides that having two such prior convictions raises the mandatory minimum punishment for a § 841(a), (b)(1)(A) conviction (Counts 1 and 10 against Hoffman) from ten years' imprisonment to life imprisonment.  Hoffman filed no response or written objections to the government's § 851 notice.

Hoffman proceeded to trial.  Mid-way through the trial, Hoffman began acting erratically, calling his competence into question.  The district court appointed a forensic psychologist to examine Hoffman, and the psychologist concluded that Hoffman was malingering and faking his mental health symptoms. The district court found Hoffman competent to proceed.  On November 30, 2011, a jury found Hoffman guilty on all charges.

## B.    Presentence Investigation Report

The probation office prepared a presentence investigation report ("PSI"). The PSI found the drug quantity attributable to Hoffman, based on Hoffman's custodial statements made after receiving Miranda warnings, to be 2.21 kilograms of methamphetamine.  The PSI calculated Hoffman's advisory guidelines range by assigning a base offense level of 34, pursuant to U.S.S.G. § 2D1.1(c)(3), with no adjustments to the offense level, and a criminal history category of IV, yielding an

3

initial advisory guidelines range of 210 to 262 months' imprisonment. However, the PSI noted that Hoffman's applicable guideline range became life, pursuant to 21 U.S.C. §§ 841(b)(1)(A)(viii) and 851, because of Hoffman's prior felony drug convictions.

The PSI described Hoffman's prior convictions, including the two prior felony drug convictions set forth in the government's § 851 notice. Hoffman committed both offenses in March 1985, while he was a 17-year-old juvenile. For the conspiracy to traffic in cocaine offense, Hoffman was arrested March 4, 1985. Hoffman "possessed and delivered a plastic baggie containing 32 grams of cocaine to an undercover officer." For the possession and delivery of cocaine offense, Hoffman was arrested on April 26, 1985 for having "possessed and delivered cocaine to a law enforcement officer who was working in an undercover capacity" on March 1, 1985. On August 4, 1986, Hoffman was adjudicated guilty of these offenses in the Circuit Court of Hillsborough County, Florida, and was sentenced as a youthful offender to four years in prison followed by two years' probation.[2]

The PSI stated that "[t]he presentence investigation supports the validity of

---

[2]Besides these two juvenile arrests and convictions, the PSI indicated that Hoffman was arrested or convicted 23 other times for various offenses between 1986 and 2011. In addition to the August 1986 drug convictions, the PSI lists convictions for arson, failure to appear, grand theft (twice), failure to re-deliver a hired vehicle, possession of crack cocaine, driving with a suspended license, obstructing an officer without violence (twice), escape, and petit theft.

the[] convictions" outlined in the government's § 851 notice. Hoffman filed no written objections to the PSI.

## C.    Sentencing Hearing

At the sentencing hearing, defense counsel stated that he was unable to discuss the PSI with Hoffman because Hoffman either refused to meet with counsel, interrupted him, or made "nonsensical statements." The district court asked Hoffman whether he wanted to speak with his counsel about the PSI before the hearing continued, but Hoffman declined. The district court found Hoffman competent to proceed with the sentencing hearing.[3]

The district court presumed Hoffman objected to the PSI's factual accuracy, but "adopt[ed] the factual findings of the jury and the application of the Guidelines as contained in the [PSI]." Defense counsel orally raised an objection about the predicate convictions for the § 851 sentence enhancement simply because he had not been able to speak to Hoffman about them, but defense counsel could articulate no reason why the prior convictions were not valid, so the district court overruled the objection.

The district court sentenced Hoffman to life imprisonment on Counts 1 and

---

[3]Hoffman does not challenge on appeal the district court's findings that he was competent at trial and at sentencing.

10 and 262 months' imprisonment on the other two counts, to run concurrently.

Before announcing Hoffman's sentence, the district court expressly stated that it

"reviewed the presentence report and considered the advisory Guidelines and the

factors of 18 U.S.C., Section 3553."  The district court stated that "[t]he sentence

imposed is the minimum mandatory sentence required by statute."  After imposing

the sentence, the district court asked whether either party had objections.  Neither

party had any objections.

Hoffman appealed.

## II.  ANALYSIS

### A.    Standard of Review

On appeal, Hoffman raises two issues.  Hoffman first argues that his

mandatory life sentence as to Counts 1 and 10 constitutes cruel and unusual

punishment under the Eighth Amendment because the basis for the statutory

enhancement was two prior convictions for offenses Hoffman committed when he

was 17 years old.  Second, Hoffman argues that his sentence was unreasonable

because the district court considered only the amount of methamphetamine and the

prior drug convictions, and failed to consider the 18 U.S.C. § 3553(a) factors.[4]

Because Hoffman failed to raise either issue in the district court, we review

---

[4]Hoffman does not challenge his 262-month sentence on Counts 7 and 8.

6

both issues for plain error.  See United States v. Patterson, 595 F.3d 1324, 1326 (11th Cir. 2010) ("Where the defendant has failed to raise [an] issue below, we review for plain error.").  "Plain error requires the defendant to show: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.  "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court."  United States v. Schultz, 565 F.3d 1353, 1357 (11th Cir. 2009).

**B.    Eighth Amendment Challenge to Use of Juvenile Drug Convictions**

Section 841(b)(1)(A) provides that if a person with "two or more prior convictions for a felony drug offense" is convicted for possessing with intent to distribute 50 or more grams of methamphetamine (or conspiring to do so, see 21 U.S.C. § 846), he "shall be sentenced to a mandatory term of life imprisonment." 21 U.S.C. § 841(b)(1)(A)(viii).  Hoffman does not dispute that his 1986 state cocaine possession, delivery, and trafficking conspiracy convictions qualify as "prior convictions for a felony drug offense" under § 841(b)(1)(A).  Instead, he argues that because he committed the state drug offenses while he was a juvenile, imposing a mandatory life sentence based upon those offenses violates the Eighth Amendment's ban on cruel and unusual punishment.

7

Hoffman has not met his burden of showing plain error. Hoffman cites

Roper v. Simmons, 543 U.S. 551, 125 S. Ct. 1183 (2005), in which the Supreme

Court held that the "Eighth and Fourteenth Amendments forbid imposition of the

death penalty on offenders who were under the age of 18 when their crimes were

committed." Id. at 568, 578, 125 S. Ct. at 1194, 1200. Roper is inapposite for

several reasons. First, Roper concerned imposition of the death penalty, not life

imprisonment. See id. at 568, 125 S. Ct. at 1194 (noting that the Eighth

Amendment applies in death penalty cases "with special force").

Furthermore, Roper did not involve sentence enhancement for an adult

offender. In United States v. Wilks, 464 F.3d 1240, 1242–43 (11th Cir. 2006), this

Court rejected a challenge based on Roper to the use of youthful offender

convictions as predicate offenses to enhance a sentence under the career offender

sentencing guideline and the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).

The Wilks Court reasoned:

> Roper does not deal specifically—or even tangentially—with sentence enhancement. It is one thing to prohibit capital punishment for those under the age of eighteen, but an entirely different thing to prohibit consideration of prior youthful offenses when sentencing criminals who continue their illegal activity into adulthood. Roper does not mandate that we wipe clean the records of every criminal on his or her eighteenth birthday.

Wilks, 464 F.3d at 1243.

8

Hoffman argues that <u>Wilks</u> is distinguishable because it did not involve imposition of a life sentence. But even assuming this is so, Hoffman cites no binding authority that holds that a mandatory life sentence based in part upon prior juvenile offenses violates the Eighth Amendment. Further, this Court has twice held that § 841(b)(1)(A)'s imposition of a mandatory life sentence on defendants with two or more prior convictions for a felony drug offense does not violate the Eighth Amendment. <u>See</u> <u>United States v. Lopez</u>, 649 F.3d 1222, 1248 (11th Cir. 2011); <u>United States v. Willis</u>, 956 F.2d 248, 251 (11th Cir. 1992).[5]

Hoffman points to <u>Miller v. Alabama</u>, 567 U.S. —, 132 S. Ct. 2455, 2460 (2012), in which the Supreme Court recently held that the Eighth Amendment prohibits a mandatory life-without-parole sentence for defendants who were under age 18 when they committed the crime. But <u>Miller</u> is inapposite because it involved a juvenile offender facing punishment for a crime committed when he was a juvenile, and thus it focused on the reasons why it would be cruel and unusual for a <u>juvenile</u> to face a mandatory life sentence. <u>See</u> <u>id.</u> at —, 132 S. Ct. at 2464–68. Nothing in <u>Miller</u> suggests that an adult offender who has committed prior crimes as a juvenile should not receive a mandatory life sentence <u>as an adult,</u>

---

[5]Neither <u>Lopez</u> nor <u>Willis</u> mentions the age of the defendant at the time of the predicate felony drug offenses. <u>See</u> <u>Lopez</u>, 649 F.3d at 1248; <u>Willis</u>, 956 F.2d at 251.

after committing a further crime as an adult. As we said of <u>Roper</u> in <u>Wilks</u>, the Supreme Court in <u>Miller</u> did "not deal specifically—or even tangentially—with sentence enhancement," and it is a far different thing to prohibit sentencing a juvenile offender to a mandatory sentence of life imprisonment without parole than it is "to prohibit consideration of prior youthful offenses when sentencing criminals who continue their illegal activity into adulthood." <u>Wilks</u>, 464 F.3d at 1243.

Hoffman has not met his burden of showing on-point precedent holding that the Eighth Amendment prohibits using juvenile felony drug convictions to enhance to life imprisonment an adult defendant's sentence for a crime he committed as an adult. Thus, Hoffman has not shown that the district court committed plain error.

**B.    Unreasonableness of Sentence**

Hoffman's second claim is that his sentence is unreasonable because the district court considered only Hoffman's prior felony drug convictions and the amount of methamphetamine involved in the current offense, instead of considering the factors set forth in 18 U.S.C. § 3553(a).[6]

---

[6]Section 3553(a) requires the district court to consider certain factors in determining what sentence to impose. The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness

10

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), sentencing requires two steps: (1) the district court must first correctly calculate the advisory guidelines range, and (2) the district court must then consider the § 3553(a) factors in arriving at a reasonable sentence.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  Hoffman challenges only the second step.  However, he has shown no error, plain or otherwise.

The district court remains bound by statutory mandatory minimum sentences, even post-Booker.  United States v. Castaing-Sosa, 530 F.3d 1358, 1362 (11th Cir. 2008).[7]  The district court stated that it had considered the § 3553(a) factors—which include "the kinds of sentences available," 18 U.S.C. § 3553(a)(3)—and imposed the sentence mandated by statute.  The district court was statutorily required to sentence Hoffman to life, regardless of the other § 3553(a) factors.  See 21 U.S.C. § 841(b)(1)(A)(viii); Castaing-Sosa, 530 F.3d at 1362.

---

of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

[7]A district court is not authorized to sentence a defendant below the statutory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e), or the defendant falls within the safety-valve provision of § 3553(f).  Castaing-Sosa, 530 F.3d at 1360–61.  Neither exception applies here.

**AFFIRMED.**[8]

---

[8]This appeal was originally scheduled for oral argument, but under 11th Circuit Rule 34–3(f) it was removed from the oral argument calendar.