[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10976

_____

D.C. Docket No. 7:13-cr-00314-LSC-HGD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OSCOREN SHEPHERD,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 12, 2016)

Before WILSON and MARTIN, Circuit Judges, and RODGERS,[*] District Judge.

PER CURIAM:

Oscoren Shepherd pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 943(e).  He now appeals that conviction.  Shepherd argues that the district court erred under Rule 11(b)(3) of the Federal Rules of Criminal Procedure in accepting his guilty plea because the plea was not supported by a sufficient factual basis.[1]  However, we review this claim for plain error since Shepherd did not raise it before the district court, *see United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285–86 (11th Cir. 2015), and under that standard of review, we must affirm.

While it is possible that the district court erred in accepting Shepherd's guilty plea, his claim fails because he cannot show that the error affected his substantial rights.  *See United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (per curiam) (Plain error requires a defendant to demonstrate "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." (internal quotation mark omitted)).  To prove that an error affected substantial rights in the guilty plea context, a defendant "must show a reasonable probability that, but for the error, he

---

[*] Honorable Margaret Catharine Rodgers, United States District Chief Judge, for the Northern District of Florida, sitting by designation.

[1] In his initial brief, Shepherd also asserted that (1) he received ineffective assistance of counsel and (2) his guilty plea is void because the term "possess" in § 922(g)(1) is unconstitutionally vague.  But, we previously issued an order dismissing those claims.

would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).  In other words, Shepherd must demonstrate that absent the district court's error of accepting as sufficient—without further investigation—the facts put forth in his Rule 11 proceedings, he would have gone to trial.  *See United States v. Davila*, 749 F.3d 982, 994 (11th Cir. 2014) (per curiam).  After thorough review of the record and the parties' briefs, and having had the benefit of oral argument, we cannot conclude that Shepherd has overcome this "daunting obstacle."  *See id.* (internal quotation marks omitted).

**AFFIRMED.**

3