[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14708
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cr-00030-RH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDEGARDO OSORNO RODRIGUEZ,
a.k.a. Edgar Rodriguez,
a.k.a. Edgar Panama,
a.k.a. Edgar,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 11, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Edegardo Osorno Rodriguez appeals his concurrent 60-month sentences, which represented a 23-month upward variance from the high end of the guideline range, imposed after pleading guilty to 13 counts arising out of his participation in a conspiracy to transport illegal aliens in interstate commerce to engage in prostitution.  On appeal, he argues that sentences were procedurally unreasonable because the court relied on the unsupported assumption that the prostitutes were victims and failed to adequately explain why upwardly varied sentences were necessary to achieve the purposes set forth in 18 U.S.C. § 3553(a).  He further argues that the sentences were substantively unreasonable because the court gave weight to an impermissible factor—the particular vulnerability of the prostitutes— and gave inordinate weight to the nature of the offense.  Upon review of the record and consideration of the parties' briefs, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In determining procedural reasonableness, we review a district court's application of the Guidelines *de novo* and its factual findings for clear error.  *United States v. Arguedas*, 86 F.3d 1054, 1059 (11th Cir. 1996).  However, if a party does not raise a procedural argument before the district court, we review only for plain error.  *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).  Under plain-error review, we, at our discretion, may correct an error where (1) an error occurred;

2

(2) the error was plain; and (3) the error affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732–36 (1993). When these three factors are met, we may exercise discretion and correct the error if it "seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." *Id.* at 736 (quotation omitted) (alteration in original). For an error to be plain, it must be "contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (quotation omitted).

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the guideline range. *Gall*, 552 U.S. at 51. We ensure that the district court treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* The district court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009). It is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them. *Id.*

After reviewing for procedural reasonableness, we consider the substantive reasonableness of a sentence under the abuse-of-discretion standard. *Gall*, 552 U.S

at 51.  In reviewing a district court's sentence for substantive unreasonableness, we examine the totality of the circumstances to determine whether the statutory factors in § 3553(a) support the sentence in question.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court's sentence must be "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court should also consider the nature and circumstances of the offense and history and characteristics of the defendant, the kinds of sentences available, the guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)–(7).  The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

4

We afford due deference to the district court in determining whether the § 3553(a) factors justify a variance and the extent of that variance. *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009). A district court abuses its discretion in imposing a sentence when it (1) fails to afford consideration to relevant factors, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). With regard to the third situation, such a clear error of judgment occurs when a district court unreasonably weighs the § 3553(a) factors and arrives at a sentence that fails to achieve the purposes set out in § 3553(a)(2). *Id.* To determine whether a clear error of judgment has occurred in a particular case, we make the sentencing calculus ourselves and review the steps the district court took in determining the sentence it imposed. *Id.* We must be "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" before vacating a sentence. *Id.* at 1190.

There is no presumption that a sentence imposed outside the applicable guideline range is unreasonable or requirement that there be extraordinary circumstances justifying a variance. *Gall*, 552 U.S. at 47. The district court is free to consider any information relevant to a defendant's background, character, and conduct in imposing an upward variance. *Tome*, 611 F.3d at 1379 (citing 18

5

U.S.C. § 3661).  The fact that an above-guideline sentence is nonetheless significantly below the statutory maximum is a further indicator of reasonableness. *United States v. McKinley*, 732 F.3d 1291, 1299 (11th Cir. 2013) (affirming an above-guideline 125-month sentence in part because it was well below the 240-month statutory maximum).

Chapter 3 of the guidelines provides for a victim-related adjustment to a defendant's base offense level where "the defendant knew or should have known that a victim of the offense was a vulnerable victim."  U.S.S.G. § 3A1.1(b)(1).  It further provides for an additional increase where "the offense involved a large number of vulnerable victims."  *Id.* § 3A1.1(b)(2).  The guidelines do not define "victim" for purposes of § 3A1.1.  Application note 1 to U.S.S.G. § 2G1.1 defines "victim" for purposes of that guideline as "a person transported, persuaded, induced, enticed, or coerced to engage in, or travel for the purpose of engaging in, a commercial sex act or prohibited sexual conduct, whether or not the person consented to the commercial sex act or prohibited sexual conduct."  U.S.S.G. § 2G1.1, comment. (n.1).  Application note 6 states that "[i]f the offense involved more than ten victims, an upward departure may be warranted."  *Id.*, comment. (n.6).

Here, as to Rodriguez's argument that the district court procedurally erred in imposing his sentences, he raises those arguments for the first time on appeal.  We

therefore will review his procedural reasonableness arguments only for plain error. *McNair*, 605 F.3d at 1222. Rodriguez has identified no precedent from this Court or the Supreme Court indicating that either a district court's consideration of the particular vulnerability of the women involved in a prostitution scheme or a district court's failure to provide a detailed explanation of its consideration of the § 3553(a) factors constitutes procedural error. As to Rodriguez's arguments regarding the substantive reasonableness of his sentences, he has not shown that the district court abused its discretion by imposing above-guideline sentences. *Tome*, 611 F.3d at 1378. The district court was free to give more weight to the nature and circumstances of the offense—which would have included the particular vulnerability of the women involved in the prostitution conspiracy—than to other mitigating factors. *Clay*, 483 F.3d at 743. Accordingly, we affirm Rodriguez's concurrent 60-month sentences.

**AFFIRMED.**

7