[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12739
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20650-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORY GIDDENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 20, 2018)

Before MARCUS, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Cory Giddens appeals the district court's denial of his motion to suppress evidence of a firearm in his prosecution for possession of a firearm by a convicted felon, under 18 U.S.C. §§ 922(g)(1) and 2.  On appeal, Giddens argues a search of his motel room based on a female cotenant's consent to the search was illegal because officers heard him object to the cotenant (hereafter "Ally") opening the door.

The denial of a suppression motion is a mixed question of law and fact. *United States v. Thomas*, 818 F.3d 1230, 1239 (11th Cir. 2016).  We review questions of law *de novo* and questions of fact for clear error.  *Id.*  However, we review a suppression argument not raised before the district court only for plain error.  *See United States v. Young*, 350 F.3d 1302, 1305 (11th Cir. 2003).  Under plain error review, we will reverse only if there was (1) an error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness or integrity of the proceeding.  *United States v. Carroll*, 886 F.3d 1347, 1351 (11th Cir. 2018).  An error is plain only if it is contrary to an explicit statutory provision or on-point precedent from us or the Supreme Court.  *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).  Where a party does not raise an argument on appeal, we deem it abandoned.  *United States v. Barsoum*, 763 F.3d 1321, 1333 (11th Cir. 2014).

2

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const., amend. IV. In the absence of a warrant, a search is only reasonable if it falls within a specific exception to the warrant requirement. *Thomas*, 818 F.3d at 1239. One such exception is when a warrantless search is preceded by valid consent from a person with actual or apparent authority to give permission to search. *Id.* at 1239-40. When two people share authority over premises, one tenant's consent is valid against an absent, nonconsenting cotenant. *Id.* at 1240.

The Supreme Court has determined that a physically present inhabitant's express refusal of consent to a police search is dispositive as to that inhabitant, regardless of the consent of a fellow occupant. *Georgia v. Randolph*, 547 U.S. 103, 114-17 (2006). In *Randolph*, officers conducted a warrantless search of a marital residence based on the defendant's wife's consent, given after the defendant had "unequivocally refused" to allow the officers to search their home. *Id.* at 107. The Court determined that the search was unreasonable as against the defendant. *Id.* at 120.

On appeal for the first time, Giddens makes an argument based on *Randolph*. He now argues that the officers, after they first knocked on the motel door and before Ally opened the door and invited the officers in, heard a male voice say "do not open the door." Giddens' new argument on appeal is that the officers should have interpreted the male voice as an objection by Giddens to the

3

officers' entry into the room and search thereof.  Relying on *Randolph*, Giddens

argues that his overheard statement addressed to Ally is the equivalent of the

"unequivocal" objection by the husband in *Randolph* to the search of the marital

residence there.

Giddens' argument before the district court was that Ally's opening the door

and inviting the officers to enter was coerced—i.e., it was not the product of a free

and unconstrained choice, but was rather a mere "acquiescence to the officers'

show of lawful authority."[1]  Doc. 21 at 6 (Giddens' Motion to Suppress Physical

Evidence and Statements); *see also* Doc 74 at 2-7 (Hearing on Motion to

Suppress).  He made no argument before the district court that the officers should

have construed the overheard male voice as an unequivocal objection to Ally's

consent to the officers' entry into the room; he did not cite or rely on *Randolph*.

Thus we review Giddens' new argument pursuant to the plain error analysis.

We conclude that *Randolph* does not plainly or obviously establish that

Giddens' "do not open" remark addressed to Ally was an unequivocal objection to

her consent for the officers to enter.  This is especially true in light of Giddens'

failure to address any objection to the officers.  Once Ally opened the door,

---

[1]    Giddens does not repeat this argument on appeal; it is thus abandoned. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that issues not raised on appeal are deemed waived).

Giddens did not object to the officers' entry, and at a later time, he actually signed a written consent to search.[2]

Thus, the district court did not plainly err in denying Giddens's suppression motion because he has not pointed to any on-point precedent indicating that his statement instructing Ally not to open the door was an unequivocal objection to the officers' entry into the motel room that would override Ally's express consent to the search.[3]

**AFFIRMED.**

---

[2]    Although we need not so decide in light of our plain error review, the *Randolph* opinion suggests that the situation in this case—i.e., one in which the officers were called to the motel room by a report that a female was being held there against her will—would not fall within the ambit of the holding in *Randolph*.  *See* 547 U.S. at 117-19, 126 S. Ct. at 1525-26.

[3]    In light of our holding, we need not address the Government's alternative argument that the search was warranted because of exigent circumstances.