[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15250
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00026-SCB-SPF-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIS PUELLO-PANTOJA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 5, 2019)

Before MARCUS, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Jorge Luis Puello-Pantoja ("Puello-Pantoja") appeals his 235-month, below-guidelines sentence, imposed after pleading guilty to one count of conspiracy to distribute cocaine knowing that it would be unlawfully imported into the United

States.  On appeal, Puello-Pantoja argues that the $100 special assessment imposed under 18 U.S.C. § 3013 was unlawful, and therefore, his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment.  After careful review, we affirm.

While we usually review de novo an Eighth Amendment challenge to a sentence, our review is limited to plain error where the defendant fails to raise that challenge before the district court.  United States v. Mozie, 752 F.3d 1271, 1290 (11th Cir. 2014).  To establish plain error, a defendant must show that: (1) there is an error, (2) the error is plain or obvious, and (3) the error affects the defendant's substantial rights.  United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005).  If those conditions are met, we may exercise our discretion to recognize the error only where the error "seriously affects the fairness, integrity or public reputation of the judicial proceedings."  Id. (alteration and quotations omitted).  "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court."  United States v. Hoffman, 710 F.3d 1228, 1232 (11th Cir. 2013) (quotations omitted).

The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  "In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle."  Mozie, 752 F.3d at 1290 (quotations

2

omitted).  We give substantial deference to Congress in determining the types and limits of punishments for certain crimes.  Id.  "Generally, sentences within the statutory limits are neither excessive, nor cruel and unusual under the Eighth Amendment."  United States v. Bowers, 811 F.3d 412, 432 (11th Cir. 2016) (quotations omitted).

The district court "shall assess on any person convicted of an offense against the United States . . . in the case of a felony . . . the amount of $100 if the defendant is an individual."  18 U.S.C. § 3013(a)(2)(A).  The district court is required to impose § 3013's special assessment for every conviction.  Rutledge v. United States, 517 U.S. 292, 301 (1996).

Conspiracy to distribute five kilograms or more of cocaine, knowing it would be unlawfully imported into the United States, is a felony offense.  See 21 U.S.C. §§ 959, 963, 960(b)(1)(B)(ii); 18 U.S.C. § 3559(a).  The statute making that conduct a federal crime "is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States."  21 U.S.C. § 959(d).

Here, because Puello-Pantoja did not expressly object to the constitutionality of his sentence in the district court, we review his Eighth Amendment challenge for plain error, and can find none.  See Mozie, 752 F.3d at 1290.  For starters, the district court did not commit any error, since it was required by statute to impose the $100 assessment.  18 U.S.C. § 3013(a)(2)(A).  Moreover, Puello-Pantoja has not identified

any binding precedent holding that a felony conspiracy conviction under the United States criminal code is not a crime "against the United States," as provided in 18 U.S.C. § 3013(a)(2)(A).  Id.; Hoffman, 710 F.3d at 1232.  Finally, because the district court did not commit any error in imposing the $100 special assessment, it did not violate Puello-Pantoja's Eighth Amendment rights against cruel and unusual punishment.  See U.S. Const. amend. VIII; Mozie, 752 F.3d at 1290; Bowers, 811 F.3d at 432.  Accordingly, the district court did not plainly err, and we affirm Puello-Pantoja's sentence.

**AFFIRMED**.