[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11390
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00144-LSC-SGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRAD RICHARD MCKLEROY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 31, 2019)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Brad Richard McKleroy appeals his total sentence of 121 months' imprisonment for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and attempted transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470.  On appeal, he argues that the district court imposed a procedurally and substantively unreasonable total sentence because it treated the low-end of his guideline range as a mandatory floor, failed to consider mitigating factors and afford consideration to the 18 U.S.C. § 3553(a) factors, and failed to consider that U.S.S.G. § 2G2.2, the guideline underlying his child pornography offense, is not based on empirical data and does not properly reflect the statutory purposes of sentencing.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, evaluating both procedural and substantive reasonableness.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Similarly, when a district court recognizes its authority to grant a variance, we review for abuse of discretion its decision not to grant a downward variance.  *United States v. Cubero*, 754 F.3d 888, 897 & n.8 (11th Cir. 2014).  However, "if a defendant fails to *clearly* articulate a specific objection during sentencing, the objection is waived," and we review for plain error.  *United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003) (emphasis in original).

2

Under plain-error review, we may correct an error where (1) an error occurred; (2) the error was plain; and (3) the error affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993).  When these three factors are met, we may exercise our discretion and correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (quotation marks omitted) (alteration in original).  For an error to be plain, it must be "contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court."  *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (*per curiam*) (quotation marks omitted).

A sentence may be procedurally unreasonable if the sentencing court failed to properly calculate the guideline range, consider the 18 U.S.C. § 3553(a) factors, or adequately explain the chosen sentence.  *Gall*, 552 U.S. at 51.  However, we do not require a district court to state on the record that it has explicitly considered each of the § 3553(a) factors and will consider it sufficient where the district court acknowledges that it considered the defendant's arguments and the § 3553(a) factors.  *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007).  In sentencing a defendant, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).

3

After reviewing for procedural reasonableness, we consider the substantive reasonableness of a sentence. *Gall*, 552 U.S. at 51. In reviewing a district court's sentence for substantive reasonableness, we examine the totality of the circumstances to determine whether the statutory factors in § 3553(a) support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (*per curiam*). A sentence may be substantively unreasonable if a district court unjustifiably relied on any § 3553(a) factor, considered impermissible factors, or failed altogether to consider pertinent § 3553(a) factors. *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

The district court's sentence must be "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need for the sentence to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

4

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). As such, the district court need not specifically address every mitigating factor raised by the defendant in order for the sentence to be substantively reasonable. *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010). We will not remand for resentencing unless left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence outside of the range of reasonable sentences based upon the facts of the case. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). That we may reasonably conclude a different sentence is appropriate is insufficient for reversal. *Gall*, 552 U.S. at 51.

For child pornography offenses, the Sentencing Guidelines provide that some of the specific offense characteristics include: (1) increasing by 2 levels where "the material involved a prepubescent minor or a minor who had not attained the age of 12 years," (2) increasing by 2 levels where the offense involved some level of distribution not otherwise described in that subsection, (3) increasing by 4 levels where "the offense involved material that portrays sadistic or

masochistic conduct or other depictions of violence," (4) increasing by 2 levels where "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material," and (5) increasing by 5 levels where the offense involved 600 or more images.  U.S.S.G. § 2G2.2(b)(2), (b)(3)(F), (b)(4), (b)(6), (b)(7)(D).

We have previously indicated that the 2013 Sentencing Commission report, centering around § 2G2.2, "does not invalidate § 2G2.2" and that a district court's use of the guideline does not render a defendant's sentence substantively unreasonable.  *Cubero*, 754 F.3d at 899-900.  In *Cubero*, we affirmed a 151-month sentence as substantively reasonable where the defendant possessed hundreds of images and more than 12 videos of child pornography.  *Id.* at 898-901; *see also United States v. Carpenter*, 803 F.3d 1224, 1235 (11th Cir. 2015).

As an initial matter, because McKleroy did not object to the district court's imposition of the sentence based on the guideline range below, his arguments related to that issue must be reviewed for plain error.  The district court stated that it based the total sentence on the § 3553(a) factors.  Contrary to McKleroy's argument, the district court did not treat the low-end of his guideline range as a mandatory floor because the court considered his arguments regarding a downward variance and determined that neither a variance nor a low-end guideline sentence

was appropriate in this case.  Accordingly, the district court did not plainly err by imposing a guideline sentence.

Although McKleroy argues that the Sentencing Commission's stance on § 2G2.2 is evidence of its unreasonableness, we have held that § 2G2.2 is valid and a district court's use of the guideline does not render a defendant's sentence substantively unreasonable.  *Cubero*, 754 F.3d at 899-900.  Further, the district court utilized its discretion in emphasizing its concern with the nature of the offense and McKleroy's characteristics, including his "unusual" desire to engage in a relationship with a minor based on his communications with an officer he thought was a 14-year-old girl and his very active solicitation of child pornography.   The court also stated that it considered "nature and circumstances of your offense and your history and characteristics and your conduct;" the court is not required to list each of the § 3553 factors or specifically address every mitigating factor raised by the defendant.  *Snipes*, 611 F.3d at 873.  The total sentence imposed was commensurate with the facts of this case, and thus, McKleroy's sentence is procedurally and substantively reasonable.  Accordingly, we affirm.

**AFFIRMED.**