[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11558
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00011-WKW-SRW-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

DEAMPRET LEON MILLER,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(February 25, 2021)

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Deampret Leon Miller appeals his sentence of 180 months' imprisonment for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Miller argues that his sentence is not substantively reasonable because the district court declined to apply U.S.S.G. §§ 5G1.3 or 5K2.23 to adjust the statutory minimum that he was subject to by the amount of time that he served on a sentence for a related state conviction. Miller also asserts that the district court failed to consider the delays in his proceedings caused by his mental health issues.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2015, a confidential informant told the police that Miller was selling methamphetamine and possessed firearms. At that time, Miller had several prior felony convictions from 1998, 2006, and 2010. In January 2016, during an attempted controlled buy, the informant saw a firearm in Miller's home. Law enforcement then obtained a search warrant, executed that warrant, and located a firearm. This firearm is the subject of the superseding indictment in this case.

Shortly after the firearm was seized, in a separate incident, Miller was arrested by state authorities for selling methamphetamine. He was subsequently convicted and sentenced to 100 months' imprisonment to run concurrently with another

2

sentence of the same length in different case. After serving thirty-four months of his state sentences, Miller was released on April 1, 2019.

On January 11, 2017, a grand jury in the Middle District of Alabama charged Miller with possession of a firearm by a convicted felon, in violation of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 922(g)(1) and 924(e). Miller was initially found to be incompetent to stand trial after a psychiatric examination determined that he suffered from mental illness that rendered him incapable to assist properly in his defense. After additional examination, Miller was deemed capable to stand trial, and following a competency hearing, the district court declared Miller mentally competent to stand trial.

Prior to his trial, Miller moved to suppress certain statements he made after he waived his *Miranda* rights on the grounds that he was mentally incompetent to make such a waiver. The district court granted that motion, and the case proceeded to trial. Following a two-day jury trial, Miller was found guilty.

On March 11, 2020, Miller was sentenced to 180 months' imprisonment—the mandatory minimum—a sentence, which was below the guideline range. The district court calculated a guideline range of 235 months' to 293 months' imprisonment based on Miller's 22 criminal history points, a criminal history level IV, and an offense level of 33. During his sentencing hearing, Miller argued that the district court should in its discretion apply a thirty-four-month adjustment to reflect

the time he served in state custody pursuant to U.S.S.G. § 5K2.23.  The district court declined to apply such a credit to sentence below the mandatory minimum.  But the district court did consider Miller's statements relating to his mental health and struggles with addiction in varying significantly downward from the guideline range.  This timely appeal ensued.

## II.    STANDARD OF REVIEW

In determining whether a sentence is reasonable, we apply "a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

## III.    ANALYSIS

On appeal, Miller argues that the district court's refusal to adjust his sentence under U.S.S.G. §§ 5G1.3 and 5K2.23 based on the time he served for his state convictions awaiting sentencing in this case constituted an abuse of discretion.  Under U.S.S.G. § 5G1.3(b), a district "court shall adjust [a] sentence for any period of imprisonment already served on [an] undischarged term of imprisonment" that would not otherwise be credited by the Bureau of Prisons if that "term of imprisonment resulted from another offense that is relevant conduct to the instant offense."  Miller does not qualify for an adjustment under § 5G1.3(b) because his

4

state sentences expired before his sentencing hearing in this case—i.e., his prior terms of imprisonment were not undischarged at the time of his sentencing.

But even if a defendant's prior custody does not entitle him to an adjustment under this section, as is the case here, "he may still be able to obtain credit under [U.S.S.G.] § 5K2.23 for his time served." *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1338 (11th Cir. 2017). Section 5K2.23 provides that:

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 . . . would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

The decision to grant a downward departure under this section is completely within the district court's discretion. *Gonzalez-Murillo*, 852 F.3d at 1331. We thus lack "jurisdiction to consider a defendant's appeal of a discretionary decision of the district court to not apply a downward departure, so long as the district court did not incorrectly believe that it lacked the authority to apply a departure," including a departure under § 5K2.23. *United States v. Winingear*, 422 F.3d 1241, 1245–46 (11th Cir. 2005) (determining that there was no jurisdiction to review the district court's decision not to apply a departure under § 5K2.23 where the parties did not dispute that the district court recognized its authority to do so).

Here, the district court specifically recognized that it had the discretion to take into consideration the time served on Miller's prior state sentences and to depart

5

downward on his sentence in this case.  Accordingly, we lack jurisdiction to review the district court's decision not to apply a departure under § 5K2.23.  We therefore dismiss this portion of Miller's appeal.  *See id.* at 1246.

Miller further argues that his overall sentence is substantively unreasonable. In reviewing the reasonableness of a sentence, we first consider whether the district court committed any procedural error.  *Gall*, 552 U.S. at 51.  Because Miller does not claim any procedural error, and we find none, we next consider the substantive reasonableness of his sentence, taking into account the totality of the circumstances. *Id.*  A district court abuses its discretion and imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  We may vacate the sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190.  While we do not presume that a within-guideline sentence is reasonable, we typically expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  The fact that a sentence falls

well below the statutory maximum is another indicator that it is reasonable. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

A defendant sentenced as an armed career criminal under 18 U.S.C. § 924(e) is subject to a minimum of 15 years' imprisonment and a maximum of life imprisonment. 18 U.S.C. §§ 922(g)(1), 924(e)(1). A district court is not authorized to impose a sentence below the statutory minimum unless the government files a substantial assistance motion under 18 U.S.C. § 3553(e) or the defendant qualifies for safety valve relief under § 3553(f). *United States v. Hoffman*, 710 F.3d 1228, 1233 & n.7 (11th Cir. 2013).

The district court must impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), which include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from the defendant's further crimes, and providing the defendant with appropriate correctional treatment. 18 U.S.C. § 3553(a)(2). The district court must also take into consideration the "nature and circumstances" of the offense and the "history and characteristics" of the defendant. *Id.* § 3553(a)(1). In addition, the statute directs the district court to consider the types of sentences available, the applicable guideline range, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to

provide restitution to victims. *Id.* § 3553(a)(3)-(7). A defendant's criminal history "fits squarely" into the § 3553(a) category that requires the district court to consider the history and characteristics of the defendant. *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008). However, the district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Rather, it must only "set forth enough information to satisfy the reviewing court of the fact that it has considered the parties' arguments and has a reasoned basis for making its decision." *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

Here, we conclude that a review of the record shows that Miller's sentence is substantively reasonable. His sentence is below the guideline range and is well below the statutory maximum. The record further shows that the district court properly weighed the § 3553(a) factors. The district court specifically took into consideration Miller's mental health and addiction struggles and properly balanced them with Miller's criminal history.

Accordingly, for the reasons stated, we dismiss Miller's appeal regarding his challenge to the district court's decision not to apply § 5K2.23 and we otherwise affirm Miller's sentence as substantively reasonable.

**DISMISSED IN PART AND AFFIRMED IN PART.**

8