[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11885

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GRAYLAN STEVE JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20370-DPG-1

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Graylan Johnson appeals his conviction for being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). He challenges the constitutionality of the statutory prohibition on felons possessing firearms. After careful consideration, we affirm.

## I.

In June 2022, a law enforcement officer stopped a vehicle Johnson was driving for a traffic infraction. During the stop, the officer asked Johnson to step out of the vehicle. Although Johnson initially complied with the officer's directions, at one point during the stop he climbed back into his vehicle and fled from the scene. But he didn't make it very far. Johnson crashed his vehicle, and officers apprehended him. When officers searched the vehicle, they found a loaded firearm on the floorboard of the driver's seat.

A grand jury returned an indictment charging Johnson with being a felon in possession of a firearm and ammunition. Johnson moved to dismiss the indictment, arguing that the prohibition on felons possessing firearms violated his constitutional rights. Relying on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), he argued that § 922(g)(1)'s restriction on felons possessing firearms was unconstitutional because the government could not show that it was "consistent with

the Nation's historical tradition of firearm regulation." Doc. 24 at 6 (internal quotation marks omitted).[1]

A magistrate judge recommended that the district court deny Johnson's motion to dismiss. The magistrate judge explained that binding precedent—this Court's decision in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010)—established that the federal prohibition on felons possessing firearms did not violate the Second Amendment. After Johnson failed to object to this recommendation, the district court adopted the recommendation and denied Johnson's motion to dismiss.

After the district court denied the motion to dismiss, Johnson pleaded guilty to the felon-in-possession charge. The district court ultimately sentenced Johnson to 180 months' imprisonment. This is Johnson's appeal.

## II.

Ordinarily, when a defendant enters a valid guilty plea, he waives any non-jurisdictional defects in the proceedings. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). But Johnson's guilty plea did not waive his Second Amendment challenge to the statutory prohibition on felons possessing firearms. *See Class v. United States*, 583 U.S. 174, 181 (2018) (holding a defendant who pleaded guilty did not waive his Second Amendment challenge to

---

[1] "Doc." numbers refer to the district court's docket entries.

a statute of conviction because this claim did not "contradict the terms of the indictment or written plea agreement").

We generally review *de novo* a challenge to the constitutionality of a statute. *See Rozier*, 598 F.3d at 770. But when, as here, a party fails to object to a magistrate judge's report and recommendation on an issue, he "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1. We nonetheless may review such an issue, if necessary in the interests of justice, for plain error. *Id*. In the interests of justice, we review Johnson's constitutional claim for plain error.

To satisfy the plain error standard, a defendant must show: (1) an error; (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). An error is plain only if it is contrary to a federal statute or on-point precedent from this Court or the United States Supreme Court. *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).

### III.

Johnson challenges the constitutionality of 18 U.S.C. § 922(g)(1), which generally prohibits individuals with felony convictions from possessing firearms or ammunition. According to Johnson, this prohibition runs afoul of the Second Amendment, which states that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear

Arms, shall not be infringed." U.S. Const. amend. II. We conclude that he has not established plain error.

To assess the constitutionality of the prohibition on felons possessing firearms, we begin with the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Heller*, the Court considered a Second Amendment challenge to a District of Columbia law that barred the private possession of handguns in homes. *Id.* at 635. After considering both the text and history of the Second Amendment, the Court concluded that it conferred on an individual a right to keep and bear arms. *Id.* at 595. The Court held that the District's ban on handgun possession in the home violated the Second Amendment. *Id.* at 635. But the Court acknowledged that the Second Amendment right to keep and bear arms was "not unlimited," emphasizing that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill." *Id.* at 626. Indeed, the Court labeled these restrictions as "presumptively lawful." *Id.* at 627 n.26.

After *Heller*, we considered a constitutional challenge to § 922(g)(1)'s prohibition on felons possessing firearms. *See Rozier*, 598 F.3d at 770. We rejected this challenge, holding that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* at 771. We noted that *Heller* recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id.* (internal quotation marks omitted).

Several years later, the Supreme Court in *Bruen* considered a Second Amendment challenge to New York's gun-licensing regime that limited when a law-abiding citizen could obtain a license to carry a firearm outside the home. 597 U.S. at 11. The Court recognized that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10. The Court explained that to determine whether a restriction on firearms was constitutional, courts must begin by asking whether the firearm regulation at issue governs conduct that falls within the plain text of the Second Amendment. *Id.* at 17. If the regulation does cover such conduct, the court may uphold it only if the government "affirmatively prove[s] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 19. *Bruen* emphasized that *Heller* established the correct test for determining the constitutionality of gun restrictions. *See id.* at 39. And, like *Heller*, *Bruen* described Second Amendment rights as extending only to "law-abiding, responsible citizens." *Id.* at 26 (internal quotation marks omitted).

Johnson challenges § 922(g)(1)'s prohibition on felons possessing firearms based on *Bruen*. He argues that the government cannot show that a ban on felons possessing firearms "is consistent with the Nation's historical tradition of firearms regulation" because at the time that the Second Amendment was enacted there was "no federal or state law precluding the possession of firearms by a convicted felon." Appellant's Br. 7.

Johnson cannot demonstrate plain error because he has not identified any on-point precedent from this Court or the United States Supreme Court holding that § 922(g)(1)'s prohibition on felons possessing firearms is unconstitutional. To the contrary, Johnson's constitutional argument is foreclosed by precedent. After *Bruen*, we considered another Second Amendment challenge to § 922(g)(1). *See United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024). We held that the challenge was foreclosed by *Rozier*, which "interpreted *Heller* as limiting the [Second Amendment] right to law-abiding and qualified individuals, and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful." *Id.* at 1293 (internal quotation marks omitted). Although the defendant argued that *Bruen* abrogated our decision in *Rozier*, we observed that even in *Bruen*, the Supreme Court continued to describe the right to bear arms as extending only to "law-abiding, responsible citizens." *Id.* (internal quotation marks omitted). We thus concluded that *Bruen* did not abrogate *Rozier*. Because *Rozier* foreclosed a Second Amendment challenge to § 922(g)(1), we affirmed the defendant's conviction. *Id.*

The Supreme Court's recent decision in *United States v. Rahimi*, No. 22-915, 2024 WL 3074728 (June 21, 2024), does not change our analysis. In *Rahimi*, the Court considered a Second Amendment challenge to the federal statute that prohibits an individual who is subject to a domestic violence restraining order from possessing a firearm when the order includes a finding that he represents a credible threat to the safety of an intimate partner or a child of that partner or individual. *See id.* at *3 (citing 18 U.S.C.

8                          Opinion of the Court                    23-11885

§ 922(g)(8)). In *Rahimi*, the Court held that this firearm restriction was constitutional. And it once again declared that the prohibition on "the possession of firearms by 'felons' . . . [is] 'presumptively lawful.'" *Id.* at *10 (quoting *Heller*, 554 U.S. at 626, 627 n.26).

    **AFFIRMED.**