[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10465

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

NAREY PEREZ-QUIBUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20243-BB-1

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and ABUDU, Circuit Judges.

PER CURIAM:

Narey Perez-Quibus appeals his convictions for possession of a firearm and ammunition as a convicted felon. 18 U.S.C. § 922(g)(1). He argues that section 922(g)(1) facially violates the Second Amendment based on *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). We affirm.

We review the constitutionality of a statute *de novo*. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). But challenges raised for the first time on appeal are reviewed for plain error. *Id*. To establish plain error, a defendant must show an error, that was plain, that affected his substantial rights, and that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id*. An error is plain if it is contrary to precedent from this Court or the Supreme Court. *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).

The prior-precedent rule requires us to follow our precedent unless it is overruled by this Court en banc or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). Under this rule, an intervening Supreme Court decision "must be clearly on point" and must "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (citations and internal quotation marks omitted). And to do so, "the later

Supreme Court decision must 'demolish' and 'eviscerate'" each of the prior precedent's "fundamental props." *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) (internal quotation marks omitted).

Perez-Quibus argues we should review his conviction *de novo* because he raises a jurisdictional issue. But we have rejected this kind of attempt to reframe a constitutional attack as jurisdictional. *See United States v. Alfonso*, 104 F.4th 815, 829 n.18 (11th Cir. 2024). Because Perez-Quibus did not raise his Second Amendment challenge in the district court, we review his argument for plain error. *See Wright*, 607 F.3d at 715.

Our precedent forecloses Perez-Quibus's argument. In *United States v. Dubois*, we reaffirmed that, under *District of Columbia v. Heller*, 554 U.S. 570 (2008), section 922(g)(1) does not violate the Second Amendment. 94 F.4th at 1291–93 (citing *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010)). We rejected the argument that *Bruen* abrogated *Rozier* because *Bruen* "repeatedly stated that its decision was faithful to *Heller*." *Id.* at 1293. And the recent decision in *United States v. Rahimi*, does not change our analysis. 144 S. Ct. 1889 (2024). *Rahimi* did not "demolish" or "eviscerate" the "fundamental props" of *Rozier* or *Dubois*. *Dubois*, 94 F.4th at 1293. To the contrary, *Rahimi* reiterated that prohibitions on the "possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Rahimi*, 144 S. Ct. at 1902 (quoting *Heller*, 554 U.S. at 626, 627 n.26).

We **AFFIRM** Perez-Quibus's convictions.