[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14401
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00034-SPC-NPM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARICO JOVION LIPSCOMB,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 6, 2020)

Before JORDAN, BRANCH and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Arico Lipscomb appeals his 235-month sentence for possession with intent to distribute, and distribution of, marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D).  On appeal, Lipscomb argues that his sentence is procedurally and substantively unreasonable and violates the Eighth Amendment.  After review, we affirm Lipscomb's 235-month sentence as to his Eighth Amendment challenge and dismiss his appeal as to his other claims as barred by his sentence-appeal waiver.  Alternatively, even if Lipscomb's sentence-appeal waiver is unenforceable, we affirm Lipscomb's sentence as he has not shown his sentence is procedurally or substantively unreasonable.[1]

## I. BACKGROUND

### A.    Arrest and Indictment

In May 2017, local authorities conducted a traffic stop on Lipscomb, who fled the scene in his car.  A few weeks later, while attempting to locate Lipscomb, officers spotted Lipscomb driving and attempted another traffic stop.  Again, Lipscomb fled in his car, ran several stop signs, eventually crashed his car into a patrol vehicle, and fled the scene on foot.  After a foot chase, officers apprehended Lipscomb, discovered drugs, and arrested him on state drug charges.  A few months later and after Lipscomb was released on bond, officers encountered

---

[1]In his appeal, Lipscomb makes no claims as to his conviction.

Lipscomb at a city park and arrested him on outstanding warrants. A search incident to Lipscomb's arrest revealed a baggie containing crack cocaine, 16 individually packaged baggies containing powder cocaine, and 7 small baggies containing marijuana. In total, Lipscomb was accountable for 5.4 grams of crack cocaine, 34.59 grams of powder cocaine, and 56.58 grams of marijuana. Lipscomb was indicted for two counts of possessing with intent to distribute, and distributing, marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D).

## B.    Plea Agreement and Hearing

In a written plea agreement, Lipscomb pled guilty to one count, and the government agreed to dismiss the remaining count. In his plea agreement, Lipscomb agreed to waive the right to appeal his sentence on any ground, except the grounds that his sentence: (1) exceeded his applicable advisory guidelines range as determined by the district court; (2) exceeded the statutory maximum penalty; or (3) violated the Eighth Amendment. The sentence-appeal waiver also released Lipscomb from the waiver if the government appealed the sentence imposed.

During Lipscomb's plea hearing, a magistrate judge confirmed with Lipscomb that he had read and discussed the plea agreement with his attorney before he signed it. The magistrate judge also reviewed the plea agreement's

3

terms, including twice explaining the sentence-appeal waiver and its exceptions. Specifically, the magistrate judge explained to Lipscomb that he was giving up his right to appeal "on any ground except you may challenge an upward departure or challenge a sentence that's in excess of the statutory maximum or a sentence that may be in violation of the law apart from the sentencing guidelines." When the magistrate judge asked if Lipscomb made the waiver knowingly and voluntarily, Lipscomb paused and stated, "I don't know if it was explained to me the way that you are explaining it now to me." In response, the magistrate judge repeated his explanation of the waiver and its exceptions, and Lipscomb then stated that he understood the waiver.[2] Lipscomb pled guilty, and the magistrate judge determined that the plea was knowingly, intelligently, and voluntarily made.

## C.    Presentence Investigation Report

According to the presentence investigation report ("PSI"), Lipscomb was born in 1981 to parents who were frequently in jail and abused drugs while he was

---

[2]The magistrate judge gave the following explanation:

Basically, what happens is if you plead guilty, in return for your plea of guilty you get certain rights. You get certain promises from the [g]overnment, and you get certain benefit[s] through the [c]ourt. However, by doing that, you are giving up a number of your rights to appeal. They are limited. You can only appeal, as I said, to contest your sentence on certain grounds; and that is, first, to challenge an upward departure—that is, if the [c]ourt chose to depart upward from the sentencing guidelines, you could appeal that—or to change a sentence that would be in excess of a statutory maximum, or if the sentence was a violation of law apart from the guidelines. Those are the three ways that you could appeal.

The magistrate judge then asked Lipscomb whether he now understood, and Lipscomb indicated that he did.

a young boy.  Lipscomb was raised primarily by his grandmother.  He later reconnected with his father and described his family as supportive.

Lipscomb has a long history of substance abuse, beginning with his first alcoholic drink at age 12, experimentation with marijuana at age 13, and experience with cocaine at age 17.  He also used crack cocaine, methamphetamines, "Molly," Percocet, and Ecstasy.  Lipscomb was exposed to drugs at a very early age through his parents.  Lipscomb's lengthy criminal history dated back to 1992, when Lipscomb was 11 years old.  His adult criminal history included 11 convictions for possessing, possessing with intent to sell, or delivering marijuana or cocaine.  His other numerous adult convictions included resisting an officer without violence, attempting to tamper and tampering with evidence, and possessing drug paraphernalia.

The PSI determined that Lipscomb was a career offender and assigned him an offense level of 34.  See U.S.S.G. § 4B1.1(b)(2).  After a 3-level reduction for accepting responsibility, Lipscomb's total offense level became 31.  Lipscomb's 23 criminal history points yielded a criminal history category of VI, even without his career offender status.  His total offense level of 31 and criminal history category of VI resulted in an advisory guidelines range of 188 to 235 months' imprisonment.  The statutory maximum sentence was 30 years' imprisonment.

**D.    Sentencing Hearing**

At sentencing, Lipscomb did not object to the PSI.  The district court adopted the PSI's facts and guideline calculations and found that Lipscomb's advisory guidelines range was 188 to 235 months' imprisonment.

In mitigation, Lipscomb's father, mother, uncle, and fiancée testified. Lipscomb also testified about his troubled childhood, substance-abuse history, and criminal history.  Since his arrest in this case, Lipscomb had started rehabilitating and had taken proactive measures to turn his life around.  Lipscomb was "completely done with [his] old life," had hope for his future, and had a supportive family to help him stay on the right path.

Defense counsel requested a downward variance because: (1) Lipscomb's criminal history was not as severe as it appeared, and it merely evinced an addict selling drugs to support his own addiction; (2) Lipscomb had shown remorse and cooperated; (3) a sentence within the guidelines range would be unreasonable; and (4) Lipscomb's personal circumstances warranted a sentence between 60 and 120 months' imprisonment.  The government did not object to a sentence at the low end of the advisory guidelines range.

In sentencing Lipscomb, the district court explained that it had listened to all of the witnesses' statements, read the PSI, reviewed the advisory guidelines range, and considered the nature and circumstance of the offense, the history and

characteristics of the defendant, and the need for the sentence to reflect the seriousness of the offense, accord adequate deterrence, avoid unwarranted sentencing disparities, and protect the public from further crimes. The district court also considered the factors raised by defense counsel, including Lipscomb's upbringing, lack of parental support during part of his upbringing, familial support, and a number of other factors.

The district court stressed, however, that Lipscomb's criminal history, which dated back to 2000, was "significant" and that Lipscomb had nearly twice the number of criminal history points necessary to qualify for a criminal history category of VI. The district court stated, "This is your eighth possession of cocaine, fifth related to sale of cocaine. Clearly, the chances of recidivism are great." The district court also stated, "It is clear to the [c]ourt that you have a significant drug problem. In addition to using drugs, you also sell drugs. And so the [c]ourt has taken all of that into consideration in fashioning the sentence." Accordingly, the district court sentenced Lipscomb to 235 months' imprisonment, which was at the high end of the 188-to-235-month advisory guidelines range. The district court also ordered, as a condition of Lipscomb's supervised release, that he participate in a substance abuse program. The district court reiterated that it had considered the advisory guidelines range and all the § 3553(a) factors, and found that the imposed sentence was sufficient but not greater than necessary to comply

with the statutory purposes of sentencing.

## II. DISCUSSION

### A.    Sentence-Appeal Waiver

On appeal, Lipscomb challenges the procedural and substantive reasonableness of his sentence.

The government first argues that Lipscomb waived those claims in his sentence-appeal waiver.[3]  A sentence-appeal waiver will be enforced if it was made knowingly and voluntarily.  United States v. Lewis, 928 F.3d 980, 985 (11th Cir. 2019).  To establish that a sentence-appeal waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  Id.

Here, the magistrate judge conducted Lipscomb's plea colloquy and confirmed that before signing the plea agreement, Lipscomb read it and his attorney had discussed its terms with him.  The magistrate judge specifically questioned Lipscomb about the sentence-appeal waiver, explaining the waiver and its exceptions twice to ensure that Lipscomb fully understood.  After the magistrate

---

[3]This Court reviews de novo the validity of a sentence-appeal waiver.  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).

judge's second explanation, Lipscomb confirmed that he understood and agreed to the sentence-appeal waiver.

On appeal, Lipscomb does not dispute that his reasonableness claims fall within the scope of his sentence-appeal waiver. Rather, Lipscomb argues that his sentence-appeal waiver is unenforceable because the district court "neither acknowledged nor questioned" Lipscomb concerning the Eighth Amendment exception to the waiver. However, in his explanation, the magistrate judge told Lipscomb that Lipscomb could appeal if the imposed sentence was "in violation of the law apart from the sentencing guidelines," which is broad enough to cover an Eighth Amendment claim. Moreover, the record makes clear that Lipscomb otherwise understood the terms of the sentence-appeal waiver given that he had read, and he and his attorney had discussed, the plea agreement and waiver before he signed it. Thus, Lipscomb has not shown that his sentence-appeal waiver is unenforceable, and his reasonableness claims are thereby barred.

## B. Procedural and Substantive Reasonableness

Alternatively, even if Lipscomb's sentence-appeal waiver is not enforceable, we still must affirm Lipscomb's sentence.

"We review the reasonableness of a sentence for abuse of discretion using a two-step process." United States v. Cubero, 754 F.3d 888, 892 (11th Cir. 2014) (quotation marks omitted). We look first at whether the sentencing court

committed any significant procedural error, such as miscalculating the guidelines or treating them as mandatory, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, choosing a sentence based on clearly erroneous facts, or failing to adequately explain the sentence imposed.  Id.[4]

Second, we examine whether the sentence is substantively unreasonable in light of the § 3553(a) factors and the totality of the circumstances.  Id.  The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Alvarado, 808 F.3d 474, 496 (11th Cir. 2015).  The weight given to any particular § 3553(a) factor is within the district court's discretion, and this Court will not substitute its judgment for that of the district court.  Id.  We will reverse a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).  Although this Court does not automatically presume a sentence falling within the advisory guidelines range is reasonable, we ordinarily

---

[4]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

expect such a sentence to be reasonable.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Here, the district court did not impose a procedurally unreasonable sentence.[5]  Lipscomb argues that the district court treated the advisory guidelines range as presumptively reasonable and failed to consider the § 3553(a) factors that were due significant weight.  Lipscomb's argument, however, is directly refuted by the record.  First, the district court stated that it had considered Lipscomb's arguments for a downward variance and the § 3553(a) factors, which we have said is often sufficient to establish it has done so.  See United States v. Sanchez, 586 F.3d 918, 936 (11th Cir. 2009).  Second, the district court went further and explicitly discussed some of Lipscomb's evidence and arguments, including Lipscomb's upbringing, his supportive family, and the fact that he had "a significant drug problem."  In explaining the chosen sentence, the district court highlighted Lipscomb's "significant" criminal history and his "chances of recidivism," and explained that those considerations outweighed the other factors.  Thus, the record reflects the district court's consideration of the § 3553(a) factors and shows that the district court made an individualized assessment.  See United

---

[5]The government asserts that, although Lipscomb argued in the district court that a guidelines-range sentence was unreasonable under the circumstances, he never specifically articulated a challenge to the procedural reasonableness of the sentence.  Thus, the government argues, this Court should review only for plain error.  We need not resolve this issue, however, because Lipscomb's arguments fail regardless.

11

States v. Carpenter, 803 F.3d 1224, 1232 (11th Cir. 2015) (explaining that the district court is not required to "articulate its consideration of each individual § 3553(a) factor, so long as the record reflects the court's consideration of many of the factors" (quotation marks omitted)).  The mere fact that the district court denied Lipscomb's request to vary from the advisory guidelines range does not establish that the district court treated the guidelines range as presumptively reasonable.

Additionally, the district court did not impose a substantively unreasonable sentence.  Lipscomb argues that the district court failed to consider and properly weigh the relevant factors and imposed a sentence that was greater than necessary.  As discussed above, the district court appropriately considered all relevant factors and the defense's arguments, and nevertheless determined that Lipscomb's extensive history of drug crimes and high likelihood of recidivism warranted a sentence at the high end of the advisory guidelines range.  See United States v. Morales, 893 F.3d 1360, 1371-72 (11th Cir. 2018) ("[I]t is well-settled law that a longer sentence may be imposed on a recidivist, based on his criminal history, even if the offense of conviction is relatively minor in nature." (quotation marks omitted)).  Indeed, Lipscomb's possession of drugs in this case occurred while he was out on bond for charges of possessing drugs in another case.

Further, the 235-month sentence is well below the statutory maximum of 30

12

years, which is an indicator of a reasonable sentence.  See United States v.

Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  Finally, because Lipscomb's

sentence is within the advisory guidelines range, we expect that it is reasonable.

See Hunt, 526 F.3d at 746.  Accordingly, we cannot say that the district court's

235-month sentence was an abuse of discretion.

**C.    Eighth Amendment Challenge**

Lipscomb also argues that his 235-month sentence violates the Eighth

Amendment because it is grossly disproportionate to his crime and punishes him

for having the "illness" of drug addiction.  The government concedes that this issue

is not barred by Lipscomb's sentence-appeal waiver.

Because Lipscomb failed to raise this issue in the district court, we review

for plain error.  See United States v. Moriarty, 429 F.3d 1012, 1023 (11th Cir.

2005).  Plain error requires a challenger to show: (1) error; (2) that is plain; (3) that

affects substantial rights; and (4) that seriously affects the fairness, integrity, or

public reputation of judicial proceedings.  United States v. Hoffman, 710 F.3d

1228, 1232 (11th Cir. 2013).  "An error is not plain unless it is contrary to explicit

statutory provisions or to on-point precedent in this Court or the Supreme Court."

Id. (quoting United States v. Schultz, 565 F.3d 1353, 1357 (11th Cir. 2009)).

In cases in which a term-of-years sentence, as opposed to a death sentence,

is being challenged, the Eighth Amendment contains a "narrow proportionality

13

principle" that does not require strict proportionality between the crime and sentence, but instead forbids only "extreme sentences that are grossly disproportionate to the crime." United States v. Farley, 607 F.3d 1294, 1340-41 (11th Cir. 2010) (quotation marks omitted). Outside of the capital punishment context, a successful challenge to the proportionality of a given sentence is exceedingly rare. Id. "Generally, sentences within the statutory limits are neither excessive, nor cruel and unusual under the Eighth Amendment." United States v. Bowers, 811 F.3d 412, 432 (11th Cir. 2016) (quotation marks omitted).

Here, Lipscomb has failed to demonstrate error, much less plain error. Lipscomb's sentence was not only within the advisory guidelines range but was ten years below the applicable statutory maximum of 30 years. See id. "[F]or the same reasons that [Lipscomb's] sentence is not substantively unreasonable, [Lipscomb's] . . . sentence was not so disproportionate to his crimes that it would be considered cruel and unusual under the Eighth Amendment." See United States v. Flanders, 752 F.3d 1317, 1343 (11th Cir. 2014). Moreover, Lipscomb has not pointed to any binding precedent finding a sentence in violation of the Eighth Amendment in circumstances like those presented here. See Hoffman, 710 F.3d at 1232.

Lipscomb argues that his sentence punished his status as a drug addict in violation of the Supreme Court's holding in Robinson v. California, 370 U.S. 660,

14

82 S. Ct. 1417 (1962).  Lipscomb argues that drug addiction is an "illness," buying and selling drugs are symptoms of that illness, and his sentence unconstitutionally punishes him for having that illness.  He states that "even one day in prison [would] be cruel and unusual for exhibiting the symptoms of the illness of addiction."

Robinson has no bearing on this case.  In Robinson, the Supreme Court concluded that a state statute that criminalized a "status," particularly drug addiction, violated the Eighth Amendment's prohibition on cruel and unusual punishment because it penalized a disease or illness, rather than an act.  See Robinson, 370 U.S. at 665-67, 82 S. Ct. at 1420-21 ("This statute, therefore, is not one which punishes a person for the use of narcotics, for their purchase, sale or possession . . . .").  In this case, the district court imposed Lipscomb's 235-month sentence not because Lipscomb was addicted to drugs or had a certain "status," but because he pled guilty to possessing with intent to distribute, and distributing, marijuana and cocaine after a long criminal history involving the possession and sale of drugs.  Lipscomb's 235-month sentence does not violate the Eighth Amendment.

### III. CONCLUSION

In sum, we affirm Lipscomb's 235-month sentence as to his Eighth Amendment challenge and dismiss his appeal as to his other claims as barred by

15

his sentence-appeal waiver.  Alternatively, even if Lipscomb's sentence-appeal waiver is unenforceable, we affirm Lipscomb's sentence as he has not shown his sentence is procedurally or substantively unreasonable.

**DISMISSED IN PART, AFFIRMED IN PART.**